IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. WILLIAMS, | ) | No. C 13-4820 RMW(PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANT TO |
| v. | ) ) | FILE DISPOSITIVE MOTION OR NOTICE REGARDING |
| R. MACK, | ) ) | SUCH MOTION; DENYING MOTION FOR |
| Defendant. | ) ) | PRELIMINARY INJUNCTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court orders service upon defendant.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

In his complaint, plaintiff alleges that, on three separate occasions, defendant discontinued plaintiff's prescription for morphine and replaced it with methadone to control plaintiff's pain. After plaintiff had informed defendant that plaintiff suffered an allergic reaction to the methadone, including an allergic outbreak and an elevated heart rate, defendant ignored plaintiff's reaction and continued to prescribe methadone. Liberally construed, plaintiff has stated a cognizable claim of deliberate indifference to a serious medical need.

C.   Motion for Preliminary Injunction

Plaintiff has also filed a motion for preliminary injunction and temporary restraining order. Specifically, plaintiff requests that Dr. Chin, a doctor at Kern Valley State Prison, is denying plaintiff adequate pain relief. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). Here, the defendant has not yet been served. Moreover, Dr. Chin is not a party to this action. Should plaintiff wish to file suit regarding his claims at Kern Valley State Prison, he shall do so in a separate proceeding in the Eastern District of California. Plaintiff's motion for preliminary injunction is DENIED without prejudice.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.   The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Dr. R. Mack** at **Salinas**

1   **Valley State Prison.**

2         The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
3   order to the California Attorney General's Office.  Additionally, the clerk shall mail a copy of
4   this order to plaintiff.

5         2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure
6   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
7   Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
8   behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the
9   cost of such service unless good cause is shown for their failure to sign and return the waiver
10  form.  If service is waived, this action will proceed as if defendant had been served on the date
11  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required
12  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
13  was sent.  (This allows a longer time to respond than would be required if formal service of
14  summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the
15  waiver form that more completely describes the duties of the parties with regard to waiver of
16  service of the summons.  If service is waived after the date provided in the Notice but before
17  defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
18  on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
19  filed, whichever is later.

20        3.      No later than **ninety (90) days** from the date of this order, defendant shall file a
21  motion for summary judgment or other dispositive motion with respect to the cognizable claim
22  in the complaint.

23        a.      If defendant elects to file a motion to dismiss on the grounds that plaintiff
24  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25  defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
26  F.3d 1108, 1119-20 (9th Cir. 2003).

27        b.      Any motion for summary judgment shall be supported by adequate factual
28  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

1 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

Order of Service; Directing Defendants to File Disposition Motion
G:\PRO-SE\RMW\CR.13\Williams820srv.wpd             4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. WILLIAMS et al,

        Plaintiff,

  v.

MACK ET AL et al,

        Defendant.

Case Number: CV13-04820 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Williams V-54214
D-5-103
Kern Valley State Prison
PO Box 5104
Delano, CA 93216

Dated: February 18, 2014

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk