IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>R. MACK,<br><br>    Defendant. | No. C 13-4820 RMW (PR)<br><br>ORDER DENYING MOTION FOR<br>ENTRY OF DEFAULT JUDGMENT<br><br><br><br>(Docket No. 19) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 18, 2014, the court ordered service of plaintiff's civil rights complaint upon defendant. (Docket No. 6.) A notice of lawsuit and request for waiver of service of summons was mailed to the defendant at Salinas Valley State Prison ("SVSP"). On March 3, 2014, service documents sent to defendant at SVSP, were returned as undeliverable. (Docket No. 9.) In the interest of justice, the court requested that the SVSP Litigation Coordinator provide to the court the current employment status for defendant and any available forwarding addresses, or notice that such information is not available. (Docket No. 13.) On August 27, 2014, SVSP Litigation Coordinator K. McKelroy filed a notice with the court indicating that the institution had been "in recent contact with R. Mack" and that the summons and complaint should be resent to the institution. (Docket No. 14.) Given this information, the

Order Denying Motion for Entry of Default Judgment
P:\PRO-SE\RMW\CR.13\Williams820deny-default.wpd

1  court directed the clerk of the court to serve defendant R. Mack at SVSP.  (Docket No. 15.)
2  Defendant filed an executed waiver of service on January 26, 2015.  (Docket No. 20.)

3        On January 15, 2015, plaintiff filed a "motion to the court demanding that the Defendant
4  file a disposition motion or face default."  (Docket No. 19.)  Rule 55(a) of the Federal Rules of
5  Civil Procedure requires that the clerk of the court enter default "when a party against whom a
6  judgment for affirmative relief is sought has failed to plead or otherwise defense, and that failure
7  is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Rule 55(b)(2) provides that the court
8  may grant a default judgment after default has been entered by the clerk of the court.   Default
9  judgments are generally disfavored, and "[c]ases should be decided upon their merits whenever
10 reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

11       Given the facts as stated above, defendant had not been served at the time plaintiff filed
12 his motion requesting default.  Defendant has now filed an executed waiver of service, clearly
13 demonstrating his intent to defend against plaintiff's claims.  Accordingly, plaintiff's motion is
14 DENIED.

15       This order terminates docket number 19.

16       IT IS SO ORDERED.
17 DATED: _____          *Ronald M. Whyte*
18                               RONALD M. WHYTE
                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. WILLIAMS,

          Plaintiff,

  v.

MACK, et al,

          Defendant.

Case Number: CV13-04820 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Williams V-54214
D-5-103
Kern Valley State Prison
PO Box 5104
Delano, CA 93216

Dated: June 2, 2015

                                              Richard W. Wieking, Clerk
                                              By: Jackie Lynn Garcia, Deputy Clerk